**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROYAL EVERETT SILAS,

    Defendant - Appellant.

No. 19-4007
(D.C. Nos. 2:18-CV-00279-DN and
2:15-CR-00071-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Royal Silas seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss this

matter.

**I**

Silas pled guilty to violating 18 U.S.C. § 1951 ("Hobbs Act Robbery"). In his

plea agreement, Silas waived the right to direct appeal or collateral review, including

§ 2255 motions, except on the issue of ineffective assistance of counsel. His

judgment of conviction was entered on May 22, 2015. He was sentenced as a career

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offender under U.S.S.G. § 4B1.1. In April 2018, Silas filed the § 2255 motion at issue. He argued Hobbs Act Robbery is not a crime of violence within the meaning of § 4B1.2, and his career offender status should be vacated. The district court dismissed his motion as untimely and as barred by the terms of his plea agreement, and denied a COA. Silas appealed.[1]

## II

Silas may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed Silas' petition on procedural grounds, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Jurists of reason could not find debatable the district court's determination that Silas' § 2255 motion was untimely. His conviction became final on June 5, 2015, the date on which his time to file a direct appeal expired. Fed. R. App. P. 4(b)(1)(A),

---

[1] Silas filed his notice of appeal after the deadline passed. However, his notice of appeal was within the time to file a motion for an extension of time under 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(5). This court entered an order construing his notice of appeal as equivalent to a motion for an extension of time and partially remanded to the district court to determine whether to grant an extension. The district court granted Silas an extension of time. That extension validated his notice of appeal, and his appeal is therefore timely. See Hinton v. City of Elwood, 997 F.2d 774, 778 (10th Cir. 1993).

26(a)(1). He filed this § 2255 motion nearly three years later, on April 2, 2018. But there is a one-year limitations period for filing § 2255 motions. 28 U.S.C. § 2255(f). This period generally runs from the "date on which the judgment of conviction becomes final." § 2255(f)(1).

However, Silas contends his limitations period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). He brings the motion solely based on this court's publication of United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017). Silas argues that relevant facts were not available to him until this court's decision in O'Connor, and therefore his petition is timely under § 2255(f)(4). But he does not specify what facts from his own case he did not know before this court's decision in O'Connor that prevented him from arguing Hobbs Act Robbery is not a violent crime under the Guidelines. He also alleges O'Connor recognized a new right that is retroactive on collateral appeal under § 2255(f)(3). But that subsection applies exclusively to rights newly recognized by the Supreme Court; an opinion by this court cannot excuse an otherwise untimely habeas petition. Therefore, the one-year limitations period began to run on June 5, 2015, and Silas' petition is untimely.

**III**

We **DENY** Silas' request for a COA and **DISMISS** this matter.  Silas' motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge